**TINNERMAN PRODUCTS, INC.,**
Plaintiff,

v.

**GEORGE K. GARRETT COMPANY, Inc.,**
Defendant.

**Civ. A. No. 18190.**

United States District Court
E. D. Pennsylvania.

Oct. 12, 1960.

See also D.C., 22 F.R.D. 56.

Albert R. Teare, Cleveland, Ohio, Virgil E. Woodcock, Woodcock, Phelan & Washburn, Philadelphia, Pa., for plaintiff.

Leonard L. Kalish, Philadelphia, Pa., for defendant.

GRIM, District Judge.

This court filed an opinion and order June 27, 1960, 185 F.Supp. 151, entering judgment in favor of defendant. Plaintiff's notice of appeal was filed July 20, 1960, and the record has been transmitted to the Court of Appeals. Judge Egan of this court entered an order extending until October 17, 1960, the time for docketing the appeal.

After the filing of the notice of appeal plaintiff filed in this court on August 4, 1960, a "Motion to Correct an Error in the Order of June 27, 1960" under F.R. Civ.P. Rule 60, 28 U.S.C.A.

This court's opinion and order entering judgment were based in part on the fact that plaintiff had entered into more than one patent licensing agreement containing price-fixing provisions, the court being of the opinion that this, under the rule of Newburgh Moire Co. v. Superior Moire Co., 3 Cir., 1956, 237 F.2d 283 constituted misuse of, and rendered unenforceable, one of plaintiff's patents.

Plaintiff's present motion and the accompanying affidavit state that the court, in specifying one of the patent licensing agreements (that with Mount Clemens Metal Products Company) picked the wrong one. The agreement relied on in the opinion was dated April 25, 1941, and was defendant's exhibit 159. Plaintiff avers that this agreement was cancelled by an exchange of correspondence in 1946 and was superseded by an agreement with Mount Clemens dated February 28, 1948, defendant's exhibit 160. It is not disputed, however, that the 1948 agreement contained price-fixing provisions similar to those in the 1941 agreement.

I am satisfied that the Mount Clemens agreement which should have been specified in the court's opinion was that of 1948 and not that of 1941, and that plaintiff's motion to correct this should be granted.